IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |
|---|---|
| **EDDIE WRIGHT,** )<br>) <br>Plaintiff, )<br>)<br>)<br>v. )<br>)<br>**RGU CORPORATION, et al.** )<br>)<br>Defendants. )<br>) | No. 2:24-cv-02310-SHM-cgc |

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
PLAINTIFF'S PUNITIVE DAMAGES CLAIM**

This is a common law negligence case arising from an automobile accident in Memphis, Tennessee. On March 11, 2024, Plaintiff Eddie Wright sued Defendants Mohammed Alhassan[1] and RGU Corporation ("RGU") in the Circuit Court of Shelby County, Tennessee. (ECF No. 1-2.) The case was removed to this court pursuant to 28 U.S.C. § 1441 on May 13, 2024. (ECF No. 1.) Before the Court is Defendants' Motion to Dismiss Plaintiff's Punitive Damages Claim (the "Motion"), brought jointly on May 15, 2024. (ECF No. 9.) Plaintiff, now proceeding pro se, has not responded in the time allowed by the local rules. L. R. Civ. P. 12.1(b).

---

[1] Plaintiff's complaint refers to "Alhassan Mohammed." (ECF No. 1-2 at 3.) Defendants have clarified that Defendant's name is, in fact, "Mohammed Alhassan." (ECF No. 1 at 1.)

For the reasons below, Defendants' Motion to Dismiss Plaintiff's Punitive Damages Claim is GRANTED.

### I. Background

Plaintiff alleges the following. (ECF No. 1-2.) On March 19, 2023, Plaintiff was driving on Interstate 55 in Memphis, Tennessee. (Id. at ¶ 11.) Defendant Alhassan, driving a truck owned by and registered to Defendant RGU, suddenly tried to merge into Plaintiff's lane. (Id. at ¶¶ 14-15.) Defendant Alhassan inadvertently hit the concrete divider, causing Alhassan to stop abruptly and causing Plaintiff to crash into the rear of the truck Alhassan was driving. (Id. at ¶ 15.)

Defendant Alhassan failed to exercise reasonable care while driving, maintain a safe lookout, or maintain proper control of his truck. (Id. at ¶ 22.) As a result, Plaintiff suffered serious injuries requiring medical attention. (Id. at ¶ 23.) Defendant RGU is liable for Defendant Alhassan's actions under the theory of <u>respondeat superior</u> and for failing to properly hire, train, and supervise its employees. (Id. at ¶¶ at 25, 29.) Defendant RGU likewise failed to follow relevant governing rules, regulations, and policies. (Id. at ¶ 34.) Plaintiff brings claims of negligence and negligence per se as a result of Defendants' "gross, willful, and wanton negligence" and reckless conduct. (Id. at ¶¶ 24-42.) Plaintiff seeks compensatory and punitive damages and any other relief the Court deems equitable. (Id. at 10-11.)

On May 15, 2024, Defendants filed separate answers. (ECF Nos. 6, 7.) In their respective answers, they raise the affirmative defenses of comparative fault; failure to state a claim for punitive damages; and failure to state a claim for negligent hiring, supervision, training, entrustment, and maintenance. (ECF Nos. 6 at 4; 7 at 4.) Defendant Alhassan has also raised the affirmative defense of insufficient service of process. (ECF No. 7 at 4-5.) Defendants filed the instant Motion on May 15, 2024, contending that Plaintiff's complaint does not contain sufficient factual allegations to support his claim for punitive damages. (ECF No. 9-1 at 2.)

## II. Jurisdiction and Choice of Law

This Court has diversity jurisdiction under 28 U.S.C. § 1332. Plaintiff is a Tennessee citizen. (ECF No. 1-2 at ¶ 1.) Defendant RGU is incorporated in, and has its principal place of business in, Ohio. (Id. at 3; ECF No. 6 at ¶ 3.) Defendant Alhassan is a citizen of California. (ECF No. 1-2 at ¶ 2.)

Plaintiff seeks damages for past and future medical treatment resulting from his "serious, painful, and permanent injuries." (Id. at ¶¶ 44-45.) He also seeks damages for physical and emotional pain and suffering; loss of enjoyment of life; and fright and shock; in an amount not to exceed $ 1 million. (Id. at 9-10.) Because the parties are citizens of different states and the damages alleged exceed $75,000, the Court has diversity

3

jurisdiction. Rosen v. Chrysler Corp., 205 F.3d 918, 920-21 (6th Cir. 2000) ("In diversity cases, the general rule is that the amount claimed by a plaintiff in his complaint determines the amount in controversy, unless it appears to a legal certainty that the claim is for less than the jurisdictional amount.")

State substantive law applies to state law claims brought in federal court. Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938). Where there is no dispute that a certain state's substantive law applies, the court will not conduct a choice-of-law analysis sua sponte. See GBJ Corp. v. E. Ohio Paving Co., 139 F.3d 1080, 1085 (6th Cir. 1998). Plaintiff filed the instant suit in Tennessee court, alleging common law negligence claims under state law. (ECF No. 1-2 at 4-8.) Defendants concede the application of Tennessee law. (ECF No. 9-1 at 2.) The Court will apply Tennessee substantive law.

**III. Standard of Review**

Federal Rule of Civil Procedure 12(b)(6) allows dismissal of a complaint that "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The defendant bears the burden of showing that the plaintiff has not stated a claim for relief. Wesley v. Campbell, 779 F.3d 421, 428 (6th Cir. 2015); Mixon v. Trott Law, P.C., No. 19-1366, 2019 WL 4943761, at *2 (6th Cir. 2019) (holding that the defendant bears the burden of proving all affirmative defenses, including the failure to state a claim

4

under 12(b)(6)). The defendant's burden is not an evidentiary burden, but a "burden of explanation." ARJN #3 v. Cooper, 517 F.Supp.3d 732, 740 (M.D. Tenn. 2021). The defendant "bears the burden of explaining -- with whatever degree of thoroughness is required under the circumstances -- why dismissal is appropriate for failure to state a claim."

After the defendant meets its burden of explanation, a court must determine whether the complaint alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible on its face if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

A court must construe the complaint in the light most favorable to the plaintiff and draw all reasonable inferences in his favor. Golf Vill. N., LLC v. City of Powell, 14 F.4th 611, 617 (6th Cir. 2021) (citing Cahoo v. SAS Analytics, Inc., 912 F.3d 887, 897 (6th Cir. 2019)). The Court "need not accept as true legal conclusions or unwarranted factual inferences." Id. (internal citations, quotation marks omitted).

**IV. Analysis**

"To prevail on a claim for punitive damages, a plaintiff must show, by clear and convincing evidence, that a defendant acted intentionally, fraudulently, maliciously, or recklessly." Sanford v. Waugh & Co., Inc., 328 S.W.3d 836, 848 (Tenn. 2010). Because punitive damages "are intended to punish a defendant, to deter him from committing acts of a similar nature, and to make a public example of him," they are only available in cases involving "the most egregious of wrongs." Id. at 849 (internal citations, quotation marks omitted); see e.g., McLemore ex rel. McLemore v. Elizabethton Med. Invs., Ltd. P'ship, 389 S.W.3d 764, 771-72 (Tenn. Ct. App. 2012) (upholding award of punitive damages where medical malpractice at a nursing home led to a patient's death); Hatfield v. Allenbrooke Nursing and Rehab. Ctr., LLC, No. W2017-00957-COA-R3-CV, 2018 WL 3740565, at *52-53 (Ct. App. Tenn. Aug. 6, 2018) (upholding punitive damages award where nursing home patients experienced "outrageous lack of care"); Scutt v. McLean, App. No. 86-193-II, 1987 WL 12047 at *2 (Ct. App. Tenn. June 10, 1987) (upholding a punitive damages award where defendant exhibited "willful and reckless disregard" for public safety by driving while intoxicated).

That Plaintiff pleads negligence claims does not preclude him from seeking punitive damages. See Doe 1 ex. rel. Doe 1 v. Roman Catholic Diocese of Nashville, 154 S.W. 3d 22, 38 (Tenn. 2005) (explaining that "recklessness is typically a criterion for

6

determining whether punitive damages are warranted in negligence cases"). However, Plaintiff has failed to plead facts showing that Defendants' behavior went beyond "ordinary negligence" because Defendants were "aware of, but consciously disregarded" a "substantial and unjustifiable" risk. Duran v. Hyundai Motor Am., Inc., 271 S.W.3d 178, 206-07 (Court App. Tenn. 2018).

The facts of this case are similar to those in Marshall v. Cintas Corp., Inc., 255 S.W.3d 60, 63 (Ct. App. Tenn. 2007). There, the plaintiff sued a truck driver's employer after a serious car accident. The Marshall court found that the plaintiff's allegations that defendant failed to adequately train its employee "simply" did not rise to the level of egregious conduct necessary to sustain a punitive damages claim, although Plaintiff described defendant's conduct as "willful and wanton." Id. at 76. Here, Plaintiff's allegations that Defendant Alhassan improperly merged into Plaintiff's lane and that Defendant RGU failed to train or supervise its employees do not support the inference that Defendants' behavior was willful, wanton, or reckless. (ECF No. 1-2 at ¶¶ 24-42.) The allegation that Defendants' actions were "gross, willful, and wanton" is a bare legal conclusion unsupported by facts. (Id. at ¶¶ 24-42); Golf Vill. N., LLC, 14 F.4th at 617; Pickens v. Dowdy, No. 17-2205-TMP, 2018 WL 3816915, at *1 (W.D. Tenn. Aug. 9, 2018) (finding that evidence that defendant was using

7

her cellphone while driving was insufficient, as a matter of law, to support a punitive damages claim).

The allegation that Plaintiff sustained serious injuries, alone, is insufficient to show that Defendants ignored a risk of such magnitude that they committed an egregious breach of the standard of care.  Jones v. Wiseman, No. 2:18-cv-02197-SHL-dkv, 2019 WL 4060885, at *5 (W.D. Tenn. May 16, 2019) (rejecting the argument that a jury could find that defendant was reckless simply because its actions caused plaintiff's injury).  Because Plaintiff's conclusory allegations that Defendants acted willfully, wantonly, and recklessly do not support a plausible claim for punitive damages, Defendants' Motion is GRANTED.

**V.     Conclusion**

Defendants' Motion to Dismiss Plaintiff's Punitive Damages Claim is GRANTED.

So ordered this 30th day of August, 2024.

> */s/ Samuel H. Mays, Jr.*
> SAMUEL H. MAYS, JR.
> UNITED STATES DISTRICT JUDGE

8